Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>JOYCE LEILE BARTKOSKI,<br><br><br><br>Debtor. | Chapter 13<br><br>Case No. 2-22-bk-07729-DPC<br><br>**TRUSTEE'S RECOMMENDATION**<br><br>Deadline is March 29, 2023 |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. The Trustee notes the following issues, which must be resolved before recommending confirmation of the Plan:

1) Trustee requests a copy of the 2022 federal and state income tax returns, along with all attachments, forms, schedules and statements. Also, the Trustee requests that the Debtors pay to the Trustee the net of any tax refunds for the 2022 tax returns. Debtors are to provide the returns to Debtors' counsel, if applicable, and Debtors' counsel is to provide the returns to the Trustee through www.bkdocs.us.

2) The proofs of claim filed by ADOR, IRS and LVNV Funding, LLC differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that

the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim.  If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan.  If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

3) Debtor must provide a signed copy of the Trustee's Questionnaire.

4) Discrepancies exist between the Chapter 13 Plan, 2016(b) Statement and the Statement of Financial Affairs as to the amount of attorney fees paid or to be paid. Clarification is required, and appropriate amendment might be necessary.

5) The SOC must state the following: Due to the Debtor's interest in non-exempt assets, before the Plan is deemed complete and the Debtor granted a discharge, the Plan must pay 100% of priority and non-priority unsecured claims.

6) Other requirements:

(A) When a debtor is represented by counsel, all debtor documents are to be submitted to the Trustee through the bkdocs.us website after redaction of PII. Local Rule 2084-27. Such documents include tax returns, bank statements, paystubs, and so on.

(B) The attorney is to review all proofs of claim on the claims register and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order

Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(C) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(D) Before submitting a proposed order, the attorney for the Debtor(s) should verify plan funding using the funding http://www.chapter13.info/funding-calc-main.aspx.

(E) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(F) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(G) To expedite the order review process, counsel must use the recommended form for the order confirming plan. If counsel needs the Trustee's latest form, then contact the applicable case administrator..

(H) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(I) The order confirming plan is to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2021-2026 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. After appropriate redaction of PII, Debtors' attorney is to promptly provide the returns to the Trustee through the website www.bkdocs.us.

(J) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(K) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(L) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

PLAN PAYMENT STATUS: Debtor is currently $1,300.00 in plan payment default, with an additional payment of $1,300.00 due on February 17, 2023 and due on the 17th of each month thereafter.

SUMMARY: Pursuant to Local Rule 2084-10(b), by March 29, 2023, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

- 4 -

Copy mailed or emailed to:

JOYCE LEILE BARTKOSKI
1920 EAST RONALD ROAD
PHOENIX, AZ 85022


PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4131 MAIN STREET
SKOKIE, IL 60076-2780
DOCUMENTS@PHXFRESHSTART.COM
TOM@NWRELIEF.COM
FAIZA@PHXFRESHSTART.COM

_____
Dawn M. Smith - Case Analyst
dsmith@ch13bk.com